72 F.3d 134
 1995-2 Trade Cases P 71,193
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
John R. STOEBNER, Trustee of the Bankruptcy Estate of T.G.
Morgan, Inc., Appellant,
v.
MESHBESHER & SPENCE, LTD., Appellee.
 No. 95-1972MN
 United States Court of Appeals, Eighth Circuit.
 Dec. 8, 1995.
 
 Before FAGG, LAY, and HEANEY, Circuit Judges.
 PER CURIAM.
 
 
 1
 John R. Stoebner, bankruptcy trustee for the estate of T.G. Morgan, Inc. (TGM), seeks recovery of attorney fees paid to the law firm of Meshbesher & Spence, Ltd. (M & S) for its representation of TGM and TGM's president in a Federal Trade Commission (FTC) action. Stoebner appeals the district court's order granting summary judgment to M & S. We affirm.
 
 
 2
 In August 1991, the FTC sued TGM, a rare coin business, and Michael Blodgett, TGM's president and controlling shareholder, for federal trade violations. The FTC sought injunctive relief and redress for injured consumers. M & S defended TGM and Blodgett in the FTC action. On January 24, 1992, TGM creditors filed an involuntary bankruptcy petition against TGM. As of that date, M & S had billed over $109,000 in legal services for TGM and had received $100,000 in payment. The FTC, TGM, and Blodgett reached a settlement and the district court entered final judgment on a consent order on March 5, 1992. Under the judgment, the Blodgetts irrevocably transferred personal and corporate assets to the FTC receiver. The judgment created a litigation fund to pay attorney fees for TGM, Blodgett, and his wife, and a settlement fund to pay FTC receiver fees and claims of defrauded consumers.
 
 
 3
 The FTC receiver then paid M & S $250,000 from the FTC litigation fund. Following Stoebner's later appointment as trustee of TGM's bankruptcy estate, Stoebner made a motion for turnover of the remaining FTC funds. At the time, the litigation fund was empty and only settlement funds remained. The district court ordered the receiver to turn over the settlement funds to Stoebner. Later, an attorney for Blodgett's wife asked the district court whether unearned fees paid to the attorney from the litigation fund should be returned to the FTC receiver or given to Mrs. Blodgett's new attorney. Stoebner filed a memorandum seeking turnover of those litigation funds, but the district court refused. The district court decided that, unlike turnover of the settlement funds, turnover of the litigation funds would undermine the final judgment in the FTC action because the judgment provided litigation funds would be used to pay attorney fees, which were still owed. The district court also stated that in the earlier turnover proceeding, Stoebner had agreed follow the final judgment's terms. Over a year later, Stoebner moved to correct or delete the district court's statement that Stoebner had represented he would follow the terms of the final judgment. The district court refused to change the language of its earlier order.
 
 
 4
 In this lawsuit, Stoebner seeks recovery of the $250,000 under 11 U.S.C. Sec. 549(a), which generally prohibits unauthorized transfers of bankruptcy estate property after the bankruptcy petition is filed. The $250,000 payment was made under the final judgment in the FTC action, however, and Stoebner agreed to follow the terms of that judgment. Having given his word that he would follow the judgment's terms, Stoebner cannot now undermine the judgment by recovering the $250,000 payment. The district court adopted Stoebner's statement in addressing whether to turn over funds to Stoebner. After Stoebner denied making the statement, the district court refused to remove the statement from her order. Thus, we conclude the doctrine of judicial estoppel prevents Stoebner from recovering the $250,000 payment. Port Auth. of St. Paul v. Harstad, 531 N.W.2d 496, 500 (Minn.Ct.App.1995) (listing doctrine's elements in Minnesota); see also Maitland v. University of Minn., 43 F.3d 357, 363-64 (8th Cir.1994).
 
 
 5
 Stoebner seeks recovery of the $100,000 prepetition payment under 11 U.S.C. Sec. 548(a)(2)(A), which provides the trustee may avoid the debtor's transfer of property made within a year before the bankruptcy petition's filing if the debtor "received less than a reasonably equivalent value in exchange for [the] transfer." Stoebner asserts there is a material issue of fact about whether TGM received reasonably equivalent value for the $100,000 payment, because there is evidence that part of the payment represented compensation for legal services performed for Blodgett personally rather than for the debtor corporation, TGM. We disagree. The documents relied on by Stoebner show the $100,000 payment to M & S was for services necessary for TGM's defense, and Stoebner does not assert the hours were unnecessary or the rates were unreasonable. Because TGM received reasonably equivalent value, it does not matter that Blodgett may have also benefitted personally from the same services.
 
 
 6
 We thus affirm the district court.